# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 26-3697 PA (PVCx) | Date | July 22, 2026 |
|---|---|---|---|
| Title | Khamphanh Khambounheyane v. Fereti Semaia, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Daniel Torrez | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS — COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order as to Habeas Petition ("TRO Application") filed by petitioner Khamphanh Khambounheyane ("Petitioner"), who is represented by counsel. (Docket No. 7.) Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on July 2, 2026. The Petition names as respondents Fereti Semaia, Warden, Adelanto ICE Processing Center and other government officials (collectively "Respondents"). The Petition seeks a declaration that Petitioner's detention is unlawful, ordering Petitioner's immediate release from ICE detention, or in the alternative, a bond hearing, and an order preventing his transfer out of this judicial district or removal to a third country. (Docket No. 1.)

According to the Petition, Petitioner is a citizen of Laos, and has been in ICE custody since November 2025, when he was redetained after a routine check in at the Santa Ana Field Office. Petitioner came to the United States when he was three years old in 1980. His status as a lawful permanent resident was revoked on July 23, 2001, when he was ordered removed to Laos based on a 1996 felony conviction for assault with a deadly weapon in violation of California Penal Code § 245(a)(2). Because he could not be removed at that time, Petitioner was released on an Order of Supervision ("OSUP"). Since his release in 2001, Petitioner had complied with the conditions of his OSUP, but was redetained in November after a routine check in appointment because removal to Laos was now in the reasonably foreseeable future. (TRO App., Exh. I.)

In March 2026 the government obtained travel documents for Petitioner's removal to Laos. Petitioner filed a Motion for a Stay of Removal and to Reopen his removal proceedings, arguing that he was no longer removable "as charged." Petitioner claimed in his Motion that he was removed based on a 1996 felony conviction that no longer qualifies as an aggravated felony under the INA. On May 5, 2026 an Immigration Judge ("IJ") granted his Motion to Stay "to be effective until determination of the motion." On May 29, 2026 the IJ denied the Motion to Reopen, and Petitioner has appealed that decision to the Board of Immigration Appeals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-3697 PA (PVCx) | Date | July 22, 2026 |
|---|---|---|---|

| Title | Khamphanh Khambounheyane v. Fereti Semaia, et al. |
|---|---|

("BIA").[1] On July 16, 2026, Respondents filed a Notice of Intended Removal pursuant to a final Removal Order.  (Docket No. 5.)  The Notice stated that Petitioner would be transferred outside of the judicial district on July 23, 2026, and removed pursuant to the July 26, 2001 Order of Removal on July 28, 2026.  (Notice of Intended Removal, Exh. A.)  The TRO Application seeks Petitioner's immediate release from ICE detention, an order preventing his redetention or removal to a third country without due process, and an order enjoining Respondents from transferring Petitioner outside of this judicial district during the pendency of this litigation. (Docket No. 7.).

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Id. at 24.  The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test.  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met.  Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

Petitioner argues that he is likely to succeed on the merits of his Petition because he is no longer removable "as charged" – his new challenge to removability, rejected by the IJ in denying the Motion to Reopen and currently on appeal to the BIA, argues that his sole conviction for assault with a deadly weapon no longer constitutes an aggravated felony that renders him "removable."  (TRO Application at p. 14.)  In this respect, Petitioner's TRO Application essentially–and improperly–seeks to involve this Court in a challenge to the enforcement of a removal order.  The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("the Act"), precludes this Court from having subject matter jurisdiction to consider challenges to

---

[1]     Due to improper service of that ruling, Petitioner asked the IJ to reissue her ruling so that he could timely appeal.  The IJ granted that motion and reissued her decision denying the Motion to Reopen on July 9, 2026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-3697 PA (PVCx) | Date | July 22, 2026 |
|---|---|---|---|

| Title | Khamphanh Khambounheyane v. Fereti Semaia, et al. | | |

removal orders.  See Momeni v. Chertoff, 521 F.3d 1094, 1095 (9th Cir. 2008); Iasu v. Smith, 511 F.3d 881, 887-88 (9th Cir. 2007); see also Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006) (The Act, "which became effective on May 11, 2005, eliminated district court habeas jurisdiction, including jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals."); Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (same).  Instead, such challenges must be brought in the appropriate court of appeals, as provided for in Section 106(a) of the Act:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.  For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5)(emphasis added); see also 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").  Thus, for habeas petitions filed after the effective date of the REAL ID Act, "the district court plainly lack[s] jurisdiction" challenging the BIA's removal order."  Iasu, 511 F.3d at 887-88; Momeni, 521 F.3d at 1095; see also Garcia de Rincon v. Dep't of Homeland Sec., 539 F.3d 1133, 1140 (9th Cir. 2008) ("[The Real ID Act] amended § 1252(b)(9) of the INA to vest the circuit courts with exclusive habeas jurisdiction over petitions challenging final orders of removal.").  Accordingly, this Court has no jurisdiction to consider Petitioner's arguments that challenge his removal order, and that are currently pending before the BIA.

        Petitioner also argues in his TRO Application that he is likely to succeed on the merits because his redetention violated the INA and the Fifth Amendment of the United States Constitution.  However, the Court also lacks jurisdiction to adjudicate the legality of his detention now that Petitioner is subject to a final order of removal under 8 U.S.C. § 1252(g).  Petitioner's TRO Application seeks his release from detention during the pendency of his immigration proceedings, but Petitioner is now subject to a final order of removal, there is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-3697 PA (PVCx) | Date | July 22, 2026 |
|---|---|---|---|

| Title | Khamphanh Khambounheyane v. Fereti Semaia, et al. |
|---|---|

stay of that order, and although Petitioner has a pending appeal before the BIA, there is no indication that the BIA has or will issue a stay.[2] The government has notified Petitioner that his removal is imminent. A last minute order regarding bond or release would thus improperly interfere with or impede the government's execution of a removal order. See 8 U.S.C. § 1252(g) (providing that "no court shall have jurisdiction to hear any cause or claim" arising from the government's decision to "commence proceedings, adjudicate cases, or execute removal orders."); Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999) (explaining that § 1252(g) bars district courts from hearing claims arising from actions taken to execute removal orders); Rauda v. Jennings, 55 F.4th 773, 777–78 (9th Cir. 2022) (holding that district courts lack jurisdiction to enjoin removal where the claim arises from the decision to execute a removal order).

This Court therefore lacks jurisdiction to interfere with enforcement of the removal order even if it possesses jurisdiction to consider the underlying Petition challenging the lawfulness of Petitioner's detention. Only the Ninth Circuit Court of Appeals has jurisdiction to interfere with enforcement of the removal order. Moreover, the relief Petitioner seeks in this Motion, to stay in this judicial district in order to contest the legality of his detention, is inconsistent with the relief he seeks in the underlying Petition–release from detention. Therefore, even if the Court had jurisdiction, the Court concludes that Petitioner has not established a likelihood of success on the merits or the irreparable harm sufficient to justify the injunctive relief he seeks. Finally, Petitioner is in the process of seeking review of the denial of his Motion to Reopen, and has the ability to seek a stay of removal pending appeal from the BIA. Accordingly, in the Court's view, the balance of hardships do not support this Court's issuance of an order preventing Petitioner's transfer from this judicial district, even if it had the jurisdiction to do so.

For all of the foregoing reasons, the Court denies Petitioner's TRO Application.

IT IS SO ORDERED.

---

[2] It is not clear to the Court whether Petitioner has asked the BIA to stay his removal pending appeal. Petitioner argues in his TRO Application that the stay issued by the IJ remains in effect until his appeal is decided. However, this interpretation contradicts the language of the stay order, which states that the stay is only "effective until determination of the motion." (TRO Application, Exh. H.)